IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WARREN JAMAL TURNER,

        Petitioner,

v.   Civil Action No. 2:13CV55
(Criminal Action No. 2:00CR7-04)
UNITED STATES OF AMERICA,   (STAMP)

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE AND
DENYING AS MOOT PETITIONER'S MOTION FOR SENTENCING TRANSCRIPT
AND PETITIONER'S SECOND MOTION FOR SENTENCING TRANSCRIPT**

I. Procedural History

On August 12, 2013, the pro se[1] petitioner, Warren Jamal Turner, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that a recent United States Supreme Court case invalidates his sentence.

The petitioner was previously convicted by this Court after a jury found him guilty of four counts: (1) conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, (2) distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (3) aiding and abetting assault on an officer in violation of 18 U.S.C. § 111, and (4) aiding and abetting the use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(2). Before

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the trial began, however, the government filed an information for prior convictions pursuant to 21 U.S.C. § 841(b)(1)(B) which asserted that the petitioner had been convicted of a state narcotics felony. Further, the jury found that the petitioner had aided and abetted the brandishing of the firearm and also found that the conspiracy involved 50 or more grams of cocaine base. Motions of acquittal were filed by defense counsel but were denied by this Court. The petitioner was sentenced to 324 months of incarceration.

Thereafter, the petitioner, through counsel, filed a direct appeal arguing that there was insufficient evidence to support his conspiracy conviction and that this Court had erred in the instructions it gave to the jury on the conspiracy charge. The United States Court of Appeals for the Fourth Circuit denied the appeal. The petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. The magistrate judge first found that the § 2255 petition was untimely because the petitioner did not file a writ of certiorari with the Supreme Court. Thus, the one-year limitation period started to run when his time to seek certiorari expired which was January 6, 2003. Further, the magistrate judge found that under 28 U.S.C.

§ 2255(f)(3), the petitioner cannot seek relief pursuant to Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), because it is inapplicable. The magistrate judge reasoned that because Moncrieffe did not interpret a "felony drug offense" under 21 U.S.C. § 841(b)(1)(B), it has no application to this case and, further, petitioner's case does not involve an "aggravated felony" under the Immigration and Nationality Act ("INA") framework. Finally, the magistrate judge found that the petitioner is not entitled to equitable tolling because he has not shown an extraordinary circumstance that prevented him from timely filing the current petition.

In his objections, the petitioner argues that Moncrieffe is applicable to other contexts other than immigration and is applicable in his case. He also contends, for the first time, that Descamps v. United States, 133 S. Ct. 2276 (2013), invalidates his sentence.

For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety. Further, this Court denies as moot the petitioner's motion for sentencing transcript and petitioner's second motion for sentencing transcript.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

3

recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

All § 2255 petitions are subject to a one-year statute of limitations period which begins to run from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The petitioner contends that he is entitled to have the third option above applied to him pursuant to either Moncrieffe or Descamps. However, this Court agrees with the

4

magistrate judge that Moncrieffe is not applicable to the petitioner and further finds that Descamps is not applicable.

The government filed an information for prior convictions pursuant to 21 U.S.C. § 841(b)(1)(B) in the petitioner's underlying criminal case. The petitioner asserts that Moncrieffe is thus applicable to this case. However, as the magistrate judge noted, § 841(b)(1)(B) refers to an underlying "felony drug offense" of which was not interpreted in Moncrieffe. Additionally, petitioner's case does not involve an "aggravated felony" under the framework of the INA. Moncrieffe v. Holder, 133 S. Ct. at 1684 (discussing the "long pedigree" of applying the categorical approach to the INA and its use of the term "aggravated felony").

The petitioner argues that Descamps is applicable to his action, however, Descamps is not applicable as it dealt with the application of the Armed Career Criminal Act ("ACCA") which was not applied in this action. Descamps, 133 S. Ct. at 2281 (2013). Rather, the petitioner's sentence was enhanced pursuant to § 841(b)(1)(B) because of the petitioner's prior narcotics felony in the state of Connecticut. Thus, the petitioner may not rely on § 2255(f)(3) and is time barred.

Further, even if the petitioner were not time barred, his state narcotics conviction did qualify as a "felony drug offense." As the magistrate judge noted a "felony drug offense" is "an offense that is punishable by imprisonment for more than one year

5

under any law of the United States or a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Section 841(b)(1)(B) provides that an enhanced sentence is required if such an offense is final. The government's information and the presentence investigation report ("PSR") both indicate that the petitioner's prior conviction in Connecticut was final in December 1990 and that the petitioner was sentenced to three years imprisonment which was suspended for a term of three years probation. As such, the petitioner's prior Connecticut conviction qualifies as a "felony drug offense."

Finally, the petitioner did not object to the magistrate judge's findings that he was not entitled to equitable tolling of the statute of limitations because the petitioner had not shown that some extraordinary circumstance prevented him from timely filing. This Court finds that such a finding was not clearly erroneous or contrary to law and thus upholds the magistrate judge's finding.

Accordingly, as the petitioner's claims are time barred, this Court affirms and adopts the magistrate judge's report and recommendation. Further, as those claims are time barred and otherwise invalid, this Court finds that the petitioner's motion for sentencing transcript and second motion for sentencing transcript are moot and must be denied.

IV.  Conclusion

For the reasons stated above, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections (Criminal ECF No. 1382) are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal ECF No. 1352) is DENIED.  Further, the petitioner's motion for sentencing transcript (Criminal ECF No. 1354) and second motion for sentencing transcript (Criminal ECF No. 1372) are DENIED AS MOOT.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter.  Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is

likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, to counsel of record herein and to the United States Court of Appeals for the Fourth Circuit. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   August 19, 2014


                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE