IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


WARREN JAMAL TURNER,

        Petitioner,

v.                                       Civil Action No. 2:13CV55
                                         (Criminal Action No. 2:00CR7-04)
UNITED STATES OF AMERICA,                                  (STAMP)

        Respondent.


                    **MEMORANDUM OPINION AND ORDER**
              **DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

    On August 12, 2013, the pro se[1] petitioner, Warren Jamal Turner, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that a recent United States Supreme Court case invalidates his sentence.

    The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. The magistrate judge found that the § 2255 petition was untimely because the petitioner did not file a writ of certiorari with the Supreme Court. Thus, the one-year limitation period started to run when his time to seek certiorari expired which was January 6, 2003. Further, the magistrate judge found that under 28 U.S.C. § 2255(f)(3), the petitioner cannot seek relief pursuant to Moncrieffe v. Holder, 133 S. Ct. 1678 (2013), because it is inapplicable. The magistrate judge reasoned that because

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Moncrieffe did not interpret a "felony drug offense" under 21 U.S.C. § 841(b)(1)(B), it has no application to this case and, further, petitioner's case does not involve an "aggravated felony" under the Immigration and Nationality Act ("INA") framework. Finally, the magistrate judge found that the petitioner was not entitled to equitable tolling because he has not shown an extraordinary circumstance that prevented him from timely filing the current petition.

In his objections, the petitioner argued that Moncrieffe is applicable to other contexts other than immigration and is applicable in his case. He also contended, for the first time, that Descamps v. United States, 133 S. Ct. 2276 (2013), invalidated his sentence. The petitioner thus contended that both cases tolled the applicable one year statute of limitations. This Court affirmed and adopted the magistrate judge's report and recommendation, and overruled the petitioner's objection. In doing so, this Court found that neither Moncrieffe nor Descamps was applicable to the petitioner.

The petitioner then timely filed the current motion pursuant to Federal Rules of Civil Procedure 59(e) and 60, asking this Court to alter or amend its judgment. In his motion, the petitioner contends that this Court construed Descamps too narrowly and thus it should have applied to the petitioner. After reviewing the petitioner's motion, this Court finds that the petitioner's motion should be denied.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Further, Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or

3

>     applying it prospectively is no longer equitable; or (6)
>     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A Rule 60(b) motion, hwoever, may also be construed as a motion for reconsideration.

This Court finds that the petitioner's motion should be construed as a motion for reconsideration only as the petitioner is not raising any new arguments, or asserting any new evidence, but rather is questioning this Court's application of the law to the facts presented by the petitioner.  This Court believes that it properly applied Descamps, the case that the petitioner has cited in his motion.  This Court correctly found that the petitioner was not, based on the underlying circumstances of this action, eligible for relief based on Descamps.  This Court found in its previous order denying the petitioner's § 2255 petition that Descamps was not applicable as the Armed Career Criminal Act ("ACCA") had not been applied in this case rather 21 U.S.C. § 841(b)(1)(B) had been applied.  Further, this Court found that the underlying state conviction from Connecticut qualified as a "felony drug offense" and thus even if Descamps was applicable, it would not provide relief to the petitioner.

In accordance with the findings above, the petitioner's motion for reconsideration is DENIED. ECF No. 10.  Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:  September 26, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
